**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GREAT LAKES INSURANCE SE,

    Plaintiff-Appellee,

v.

TAMARA LEE SMITH,

    Defendant-Appellant.

No.    21-56231

DC No. 5:20-cv-00586-AB

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted July 25, 2022
Pasadena, California

Before:  TASHIMA, WATFORD, and FRIEDLAND, Circuit Judges.

    Tamara Lee Smith appeals from the judgment entered after the district court

granted summary judgment in favor of Great Lakes Insurance SE.  We have

jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate the judgment and remand

for further proceedings.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The doctrine of *uberrimae fidei* "'imposes a duty of utmost good faith,' so 'an applicant for a marine insurance policy is bound to reveal every fact within his [or her] knowledge that is *material* to the risk.'" *N.H. Ins. Co. v. C'Est Moi, Inc.*, 519 F.3d 937, 938 (9th Cir. 2008) (first quoting, *Certain Underwriters at Lloyds, London v. Inlet Fisheries Inc.*, 518 F.3d 645, 648 (9th Cir. 2008); and then quoting *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 420 (9th Cir. 1998)). It is undisputed that Smith's failure to disclose material information on the insurance application – John Jay Kerchelich's criminal conviction – was innocent because, when Smith asked him if he had any convictions, he said that he did not.[1] We have found no caselaw, and Great Lakes has pointed us to none, holding that

---

[1]     We do not recite all the facts, which are undisputed and familiar to the parties.

the doctrine of *uberrimae fidei* applies to void an insurance policy where the applicant did not know the material information despite her attempt to obtain it.[2]

Great Lakes relies on out-of-circuit cases to argue that the duty of good faith requires the disclosure of material facts that the applicant ought to have known. *See Quintero v. Geico Marine Ins. Co.*, 983 F.3d 1264, 1271 (11th Cir. 2020) (stating that *uberrimae fidei* requires the disclosure of "all material facts that are 'within or ought to be within, the knowledge of one party, and of which the other party has no actual or presumptive knowledge'" (quoting *Steelmet, Inc. v. Caribe Towing Corp.*, 747 F.2d 689, 695 (11th Cir. 1984), *reh'g granted in part, denied in part*, 779 F.2d 1485 (11th Cir. 1986))). Smith does not expressly challenge

---

[2]     Great Lakes argues that *C.N.R. Atkin v. Smith*, 137 F.3d 1169 (9th Cir. 1998), controls, but it is distinguishable. There, we held that the insured was "responsible for the misrepresentations of his agent in obtaining the insurance policy," relying on the undisputed facts showing that this person acted as the insured's agent in the vessel's business, including applying for and obtaining the insurance. *Id.* at 1171. The agent was the one who filled out the insurance application, and he failed to disclose his own criminal convictions. Thus, in contrast to Smith, the person who completed the application had knowledge of the information that was omitted. There was no evidence in *C.N.R. Atkin* that the insured attempted to obtain the proper information. Moreover, there was substantial undisputed evidence of agency in *C.N.R. Atkin*: the insured and the agent held the agent out as co-captain of the vessel; the agent "oversaw the vessel's business, including acquiring insurance and overseeing major repairs," and; the agent "lived on the boat for several years, often in [the insured's] absence for weeks and months at a time." *Id.* Great Lakes has not argued that there is comparable evidence here that Kerchelich was acting as Smith's agent for purposes of the insurance application.

3

*Quintero*'s "ought to know" standard, but argues only that, on this record, Great Lakes has not established that Smith ought to have known of Kerchelich's conviction.[3] We agree that Great Lakes has not made such a showing.

The unpublished district court cases cited by Great Lakes do not support its assertion that Smith ought to have known merely because of her relationship with Kerchelich. None of the cases involved an insurance applicant who was innocent of the misrepresentation or held that it was appropriate to impute knowledge possessed by an individual to his or her romantic partner. In *Great Lakes Reinsurance PLC v. Arbos*, No. 08-20439-CIV, 2009 WL 8642003 (S.D. Fla. Jan. 6, 2009), the insured defendants, Arbos and Quevedo, falsely told the insurance broker who filled out the insurance application that Arbos had extensive boating experience and that neither Arbos nor Quevedo had been involved in a prior loss. The insurer sought to void the policy based on these misrepresentations. Arbos and Quevedo argued that they were never shown the insurance application, never provided information for the insurance application, and even that they did not know an insurance application existed. The district court found it "difficult to believe that Defendants were completely unaware of the filing of an application for

---

[3] Great Lakes asserted at oral argument that the question of what an insured applicant ought to know is a legal question, but did not provide any precedent to support this assertion.

4

insurance on their behalf," pointing out that Quevedo paid the insurance premium, Arbos filed a claim under the policy, and Quevedo "had had at least one marine insurance policy in the past." *Id.* at *6 n.6. Unlike here, the evidence belied the assertions that the insurance applicants did not know about the misrepresentations.

Nor is *Great Lakes Reinsurance (UK) PLC v. S. Marine Concepts Inc.*, No. CIV. G-07-276, 2008 WL 6523861 (S.D. Tex. Oct. 21, 2008), applicable. There, the captain of the vessel who filled out the insurance application "intentionally failed to list his previous loss history." *Id.* at *3.

In *Great Lakes Reinsurance (UK) PLC v. Kranig*, No. Civil 2011-122, 2013 WL 2631861 (D.V.I. June 12, 2013), which Great Lakes first cited at oral argument, the insurance applicant failed to disclose his own conviction for domestic violence and his partner's driving and criminal background, despite specific questions on the application. Unlike here, there was no indication that the applicant acted in good faith when he filled out the application. Moreover, although the district court noted that the applicant's response about his partner was based on her representations, *id.* at *5, the court did not impute knowledge of her background based on their relationship. Nor did it address whether the applicant knew or ought to have known about his partner's background. *Kranig* accordingly does not support Great Lakes' position.

5

In contrast to the above cases, there was no evidence here that the insurance applicant knew the material information and failed to disclose it. And there has thus far been no factfinding by the district court as to whether Smith ought to have known about the information, or whether she failed to make a reasonable inquiry into whether Kerchelich was telling the truth. In the absence of such factfinding or further development of the record, we cannot say that Smith violated the duty of utmost good faith in completing the insurance application. We therefore vacate the grant of summary judgment and remand for further proceedings consistent with this disposition.

**VACATED and REMANDED. Each side shall bear its own costs.**